UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESPN ENTERPRISES, INC., a Delaware corporation; ABC CABLE NETWORKS GROUP, a California corporation; INTERNATIONAL FAMILY ENTERTAINMENT, INC., a Delaware corporation; and SOAPnet, L.L.C., a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>DISH Network L.L.C., a Colorado limited liability company,<br><br>Defendant. | Case No. 1:25-cv-07169 |

### REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Rule 201 of the Federal Rules of Evidence, ESPN Enterprises, Inc., ABC Cable Networks Group, International Family Entertainment, Inc., and SOAPnet, L.L.C. (collectively, "Plaintiffs") hereby request that the Court take judicial notice of the following documents:

1. Defendant's August 12, 2025 press release entitled *Sling TV Launches Industry-First $4.99 Day Pass Redefining How Viewers Watch Live TV*, available at https://about.dish.com/2025-08-12-Sling-TV-Launches-Industry-First-4-99-Day-Pass-Redefining-How-Viewers-Watch-Live-TV.  A true and correct Page Vault capture dated August 20, 2025 is attached as **Exhibit E** to the Declaration of Daniel M. Petrocelli in Support of Plaintiffs' Motion for a Preliminary Injunction ("Petrocelli Declaration").

2. Defendant's website entitled *Day Pass by Sling TV: Watch Live TV for a Day, No Contract | Sling TV*, available at https://www.sling.com/service/day-pass.  A compilation

of true and correct Page Vault captures dated August 20 and August 28, 2025 is attached as **Exhibit F** to the Petrocelli Declaration.

3. Defendant's September 2, 2025 press release entitled *$4.99 Gets You the Games on Sling TV. Not the Gimmicks.*, available at https://news.sling.com/2025-09-02-4-99-Gets-You-the-Games-on-Sling-TV-Not-the-Gimmicks.  A true and correct Page Vault capture dated September 6, 2025 is attached as **Exhibit G** to the Petrocelli Declaration.

4. Defendant's website entitled *Sling TV Plans Compared: Blue vs. Orange vs. Combo | Sling TV*, available at https://www.sling.com/service/compare-plans.  A compilation of true and correct Page Vault captures dated August 20 and August 25, 2025 is attached as **Exhibit I** to the Petrocelli Declaration.

5. Defendant's website entitled *Day Pass by Sling Give Sports & TV Fans Unparalleled Flexibility Starting at $4.99*, available at https://www.sling.com/whatson/announcements/sling-day-week-weekend-passes.  A true and correct Page Vault capture dated August 20, 2025 is attached as **Exhibit J** to the Petrocelli Declaration.

6. A March 19, 2024 ESPN article entitled *College Football Playoff, ESPN agree to deal through 2031-32*, available at https://www.espn.com/college-football/story/_/id/39766079/college-football-playoff-espn-agree-deal-2031-32.  A true and correct copy is attached as **Exhibit K** to the Petrocelli Declaration.

7. A September 4, 2024 CNBC Sport article entitled *NFL's next big media rights payday is years off — and subject to a shifting industry*, available at https://www.cnbc.com/2024/09/04/nfl-media-rights-media-landscape.html.  A true and correct copy is attached as **Exhibit M** to the Petrocelli Declaration.

8. Defendant's website entitled *Sling TV Help Center: Cancellation Policy*, available at https://www.sling.com/help/en/account-questions/terms-conditions/cancellation-policy. A true and correct copy is attached as **Exhibit O** to the Petrocelli Declaration.

9. Defendant's website entitled *Sling TV Terms of Use*, available at https://www.sling.com/offer-details/disclaimers/terms-of-use. A true and correct copy is attached as **Exhibit P** to the Petrocelli Declaration.

10. Defendant's marketing email entitled *No flags, just football. Stream the action live*. A true and correct copy is attached as **Exhibit S** to the Petrocelli Declaration.

11. Defendant's Facebook marketing reel entitled *Watch What You Want*, available at https://www.facebook.com/sling/videos/667917099012229.

12. Defendant's Facebook marketing reel entitled *Are You Guilty of Overpaying*, available at https://www.facebook.com/sling/videos/1152307053410157.

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts routinely take judicial notice of publicly available information such as webpage content and news articles when the source's authenticity is not in dispute. *See, e.g.*, *Force v. Facebook, Inc.*, 934 F.3d 53, 59 n.5 (2d Cir. 2019) (publicly available terms of service subject to judicial notice); *Samuels v. NYC Women's Film Fund*, 2025 WL 27687, at *2 (S.D.N.Y. Jan. 3, 2025) (Subramanian, J.) (taking judicial notice of statements on party's website); *Carter v. Scripps Networks, LLC*, 670 F. Supp. 3d 90, 98 (S.D.N.Y. 2023) (same); *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (district court did not abuse its discretion in taking judicial notice of news articles and other publicly available documents).

Each piece of information listed above is properly subject to judicial notice because it was made publicly available either on Defendant's own website, Defendant's own marketing materials, or a mainstream news website—i.e., sources whose authenticity is not reasonably subject to dispute.

For the foregoing reasons, Plaintiffs respectfully request that the Court take notice of the exhibits described above pursuant to Federal Rule of Evidence 201.

Dated: September 11, 2025

Respectfully Submitted,

**O'MELVENY & MYERS LLP**

By: */S/ Daniel M. Petrocelli*
Daniel M. Petrocelli

Daniel M. Petrocelli* (lead trial counsel)
dpetrocelli@omm.com
Heather Welles*
hwelles@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Allen W. Burton
aburton@omm.com
1301 Avenue of the Americas, 17th Floor
New York NY 10019

Brian P. Quinn*
bquinn@omm.com
1625 Eye Street, NW
Washington, D.C. 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Admitted pro hac vice

*Attorneys for Plaintiffs ESPN Enterprises, Inc. et al.*