

O'Melveny & Myers LLP  
1999 Avenue of the Stars  
8th Floor  
Los Angeles, CA 90067-6035  

T: +1 310 553 6700  
F: +1 310 246 6779  
omm.com

September 11, 2025

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

<u>**VIA ECF**</u>

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  <u>**Letter-Motion to Seal Portions of Plaintiffs' Motion for a Preliminary Injunction, Papers in Support Thereof, and Certain Exhibits Attached Thereto in *ESPN Enters., Inc. v. DISH Network L.L.C.*, 1:25-cv-07169-AS**</u>

Dear Judge Subramanian:

Pursuant to Rule 11 of the Court's Individual Rules and Practices in Civil Cases, we write to respectfully request leave to file documents in redacted form and under seal in connection with Plaintiffs' Motion for a Preliminary Injunction. Specifically, we seek to seal the following sensitive and confidential business information:

- **Certain portions of Plaintiffs' Memorandum of Law in Support of Motion for a Preliminary Injunction** ("Memorandum of Law") that pertain to the terms and negotiation of Plaintiffs' licensing agreements with Dish and third parties, Plaintiffs' sensitive financial information, and Plaintiffs' confidential business strategy;

- Certain portions of the **Declaration of James M. Zasowski**, **Declaration of Sean Breen**, and **Declaration of Adam Monaco** that pertain to these same topics;

- **Exhibit A** thereto, which is the licensing agreement between Plaintiffs and Defendant (the "OTT License") previously submitted as an exhibit to the Complaint and ordered to be filed under seal;

- **Exhibit B**, which is an issues list pertaining to the parties' negotiation of the OTT License;

- **Exhibits C and D**, which consist of correspondence between Mr. Breen, one of Plaintiffs' executives, and his negotiating counterparts at other distributors relating to the terms of their respective licensing deals;

Austin • Century City • Dallas • Houston • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo

- **Exhibits H, L, N, Q, and R**, which contain correspondence between counsel for Plaintiffs and counsel for Defendant discussing the terms of the OTT License;

- and **Exhibit T**, which is a payment report from Dish for the ESPN Network.

Sealing of these materials is warranted because each contains confidential and highly sensitive business information, the disclosure of which would risk causing competitive harm to Plaintiffs and, in some cases, Defendant or third parties.

Federal courts retain the inherent power to seal documents upon a showing of good cause. *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826–27 (2d Cir. 1997).  The decision whether to seal or grant access is left to the sound discretion of the trial court.  *Id.* at 826 (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 599 (1978)).  Notwithstanding the presumption of public access to judicial documents, the court must "balance competing considerations against" that presumption.  *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo, Sr.*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

One such "consideration that may override the presumption of public access is the confidentiality of sensitive commercial information."  *ExxonMobil Oil Corp. v. JA Dakis Cap. LLC*, 2024 WL 1702383, at *2 (S.D.N.Y. Apr. 18, 2024) (citing *Syntel Sterling Best Shores Mauritius Ltd. v. The Trizetto Grp.*, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021)).  Courts regularly permit information—the disclosure of which "might harm a litigant's competitive standing"—to be filed under seal.  *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

In light of these principles, sealing is appropriate for each of the documents identified above.  First, many of these documents are very similar to the OTT License, which was attached as Exhibit A to the Complaint, and was already ordered sealed by the Court for the duration of this litigation.  Dkt. No. 15.  As discussed in the previously filed Motion to File Under Seal Portions of Plaintiffs' Complaint and One Exhibit to the Complaint, 1:25-mc-00368, Dkts. 3, 3-1, 3-2, courts in this District regularly seal similar types of sensitive commercial agreements and other business information based on concerns that disclosure of such information may impair the party's competitive position, ongoing commercial relationships, and ability to negotiate future agreements.  *See, e.g.*, *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

These concerns apply equally to testimony and documents revealing the terms of Plaintiffs' licensing agreements with third parties, documents containing the details of Plaintiffs' and Defendant's negotiation of the OTT License, and correspondence between counsel discussing the terms of the OTT License.  Plaintiffs keep the terms of their distribution agreements confidential, and disclosure of the details, structure, and negotiation of those agreements would impair their ability to negotiate licensing agreements with other distribution partners and enable competitors to capitalize on this information in formulating their own business strategies.  *See* Case No. 1:25-mc-00368, Dkt. 1-1 ¶¶ 4-8 (Decl. of James M. Zasowski I.S.O. Plfs.' Mot. to File

Under Seal Portions of Compl.).  In addition, Plaintiffs are contractually obligated to keep the terms of these agreements confidential.  *Id.* ¶ 5.

For similar reasons, the testimony from Plaintiffs' executives describing sensitive internal analysis of investment and advertising strategy, as well as the payment report from Dish to ESPN, should also be permitted to be filed under seal.  The payment report contains sensitive financial information showing the valuation and performance of Plaintiffs' assets, and both reveal the mechanism by which Dish and other distributors are to pay Plaintiffs under the OTT License and similar agreements.  Courts regularly seal similar sensitive information concerning a company's finances and competitive strategy.  *See, e.g., Tyson Foods, Inc. v. Keystone Foods Holdings, Ltd.*, 2020 WL 5819864, at *2 (S.D.N.Y. Sept. 30, 2020) (sealing information that included company's "financial income statements, forecasts, and projections"); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "Plaintiffs would be competitively harmed if they were revealed").

Accordingly, we respectfully request that Plaintiffs' Memorandum of Law and declarations in support thereof be permitted to be filed in redacted form, and that the exhibits identified above be permitted to be filed under seal.  The Memorandum of Law and declarations are being filed concurrently with this letter-motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We have met and conferred with counsel for Dish regarding this sealing request, and Dish consents to sealing of material that is subject to the Protective Order.

Respectfully submitted,

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli (admitted *pro hac vice*)
Lead Trial Counsel for Plaintiffs

cc:   Elyse Echtman
      Counsel for Defendant

Having considered the factors articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), this letter-motion to seal portions of plaintiffs' motion for a preliminary injunction, papers in support thereof, and certain exhibits attached thereto is GRANTED.

The Clerk of Court is directed to terminate the letter motion at Dkt. 25.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 12, 2025