Elyse D. Echtman
+1 212 378-7551 direct
eechtman@steptoe.com

**Steptoe**

1114 Avenue of the Americas
New York, NY 10036-7703
212 506 3900 main
www.steptoe.com

September 30, 2025

**Via ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:  Letter-Motion to Seal Portions of Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction, Declarations in Support Thereof, and Certain Exhibits Attached Thereto, in** *ESPN Enters., Inc. v. DISH Network L.L.C.*, **1:25-cv-07169-AS**

Dear Judge Subramanian:

Pursuant to Rule 11.C of Your Honor's Individual Rules and Practices in Civil Cases, Defendant DISH Network L.L.C. ("DISH"), respectfully requests the Court's approval to redact and file under seal certain confidential and commercially sensitive documents and information in connection with DISH's Opposition to Plaintiffs' Motion for a Preliminary Injunction.

Specifically, DISH respectfully seeks permission to seal the following commercially sensitive and confidential business information:

- Certain portions* of Defendant's Memorandum of Law in Support of Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction ("Memorandum") that pertain to the terms and negotiation of DISH's carriage agreements, DISH's sensitive financial and subscriber information, and DISH's confidential business strategy;

- Certain portions* of the Declaration of Andy LeCuyer, Declaration of Kate Richter, Declaration of Kurt Simon, Declaration of Seth Van Sickel, Declaration of Michael Fedyna, and Declaration of Aaron Yeater that pertain to and rely on these same topics;

---

\*     DISH has designated certain portions of these materials "Highly Confidential—Attorneys' Eyes Only Information," and certain other portions "Confidential Information," pursuant to the Protective Order.

- Exhibit 4 to the LeCuyer Declaration, which is an excerpt of a 2019 carriage agreement between DISH and certain of Plaintiffs' affiliates;

- Exhibits 5 and 6 to the LeCuyer Declaration, which contain correspondence between Mr. LeCuyer (for DISH) and Mr. Breen (for Plaintiffs) pertaining to confidential contract terms;

- Exhibit 12 to the Richter Declaration, which is an excerpt of the 2022 DBS License Agreement between DISH and Plaintiffs;

There is good cause to seal and redact the confidential materials identified above. Courts in the Second Circuit assess the public's right of access to judicial documents against countervailing factors, including privacy interests of the parties, and may award confidential treatment to documents when "sealing is necessary to preserve higher values and . . . the sealing order is narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Where, as here, there is a "possibility of competitive harm to an enterprise if confidential business information is disclosed," courts in this district have explained that there may "be an interest meriting sealing." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MC-2542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (collecting cases); *id.* at *6 ("[B]usiness data such as pricing information and negotiations may remain under seal even where the First Amendment is implicated."); *id.* at *12 (sealing "recent, non-public, information that will work a competitive harm . . . if it is released.").

Considering these principles, sealing is warranted. Many of these documents contain proprietary financial, subscriber and marketing data. *fuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (granting motion to seal fuboTV's carriage agreements and proprietary financial analyses, marketing data, and business strategies). Other documents contain the terms of DISH's licensing agreements with Plaintiffs and non-parties, as well as correspondence between the parties discussing commercially sensitive contract provisions. The terms of DISH's carriage agreements are confidential, and disclosure of their details would hinder DISH's ability to negotiate future licensing agreements with other distribution partners, placing the company at a competitive disadvantage. *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024) (granting motion to seal licensing agreement because it could disadvantage future agreement negotiations).

Finally, these documents are comparable to the documents filed in connection with Plaintiffs' Complaint and Motion for Preliminary Injunction, which were ordered sealed by the Court. Dkt. 15, 38. Plaintiffs' sealed documents similarly include contracts and their sensitive terms, materials pertaining to negotiation and business strategies, and sensitive financial information.

Accordingly, DISH respectfully requests that the Court grant DISH's request to file redacted versions of the Memorandum and of the Declarations of Andrew LeCuyer, Katherine

Richter, Kurt Simon, Seth Van Sickel, Michael Fedyna, and Aaron Yeater, and to file the unredacted Memorandum, the unredacted Declarations of Andrew LeCuyer, Katherine Richter, Kurt Simon, Seth Van Sickel, Michael Fedyna, and Aaron Yeater, and Exhibits 4, 5, 6, and 12 under seal. The Memorandum and the Declarations of Andrew LeCuyer, Katherine Richter, Kurt Simon, Seth Van Sickel, Michael Fedyna, and Aaron Yeater are being filed concurrently with this letter motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We have met and conferred with counsel for Plaintiffs, and Plaintiffs consent to sealing of material that is subject to the Protective Order.

Respectfully submitted,

*/s/ Elyse D. Echtman*
Elyse D. Echtman
*Counsel for Defendant*

cc: All counsel of record

GRANTED.

The Clerk of Court is directed to terminate the motion at Dkt. 44.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 17, 2025