

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

October 10, 2025

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

<u>VIA ECF</u>

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   <u>Letter-Motion to Seal Portions of Plaintiffs' Reply in Support of Motion for a Preliminary Injunction, Papers in Support Thereof, and Certain Exhibits Attached Thereto in *ESPN Enters., Inc. v. DISH Network L.L.C.*, 1:25-cv-07169-AS</u>

Dear Judge Subramanian:

Pursuant to Rule 11 of the Court's Individual Rules and Practices in Civil Cases, we write to respectfully request leave to file documents in redacted form and under seal in connection with Plaintiffs' Reply in Support of Motion for a Preliminary Injunction. Specifically, we seek to seal the following sensitive and confidential business information:

- **Certain portions of Plaintiffs' Reply Memorandum of Law in Support of Motion for a Preliminary Injunction** ("Reply") that pertain to the terms and negotiation of Plaintiffs' licensing agreements with Dish and third parties, Plaintiffs' sensitive financial information, and Plaintiffs' confidential business strategy;

- Certain portions of the **Declaration of James M. Zasowski**, **Declaration of Sean Breen**, and **Declaration of Adam Monaco** that pertain to these same topics;

- **Certain Portions of Plaintiffs' Objections to Dish's Preliminary Injunction Evidence** ("Objections") that pertain to these same topics; and

- **Exhibits U and V**, which are correspondence between Disney and Dish regarding obligations under the terms of Plaintiffs' licensing agreements with Dish.

On September 12, 2025, this Court granted Plaintiffs' Letter-Motion to Seal Portions of Plaintiffs' Motion for a Preliminary Injunction, Papers in Support Thereof, and Certain Exhibits Attached Thereto ("Sealing Motion"). *See* Dkt. No. 38. Sealing of the materials requested here is warranted for the same reasons outlined in Plaintiffs' Sealing Motion.

Federal courts retain the inherent power to seal documents upon a showing of good cause. *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826–27 (2d Cir. 1997). The decision whether to seal or grant access is left to the sound discretion of the trial court. *Id.* at 826 (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 599 (1978)). Notwithstanding the presumption of public access to judicial documents, the court must "balance competing considerations against" that presumption. *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo, Sr.*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

As discussed in the previously filed Sealing Motion, courts in this District regularly seal sensitive commercial agreements and other business information based on concerns that disclosure of such information may impair the party's competitive position, ongoing commercial relationships, and ability to negotiate future agreements. *See, e.g.*, *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

In granting the Sealing Motion, this Court found good cause to seal testimony revealing the terms of Plaintiffs' licensing agreements with third parties, documents containing the details of Plaintiffs' and Defendant's negotiation of the OTT License, and correspondence between counsel discussing the terms of the OTT License as well as testimony from Plaintiffs' executives describing sensitive internal analysis of investment and advertising strategy. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)) (permitting information—the disclosure of which "might harm a litigant's competitive standing"—to be filed under seal); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "Plaintiffs would be competitively harmed if they were revealed"). Dish also moved to seal comparable material submitted with Dish's opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* Dkt. No. 44.

Accordingly, we respectfully request that Plaintiffs be permitted to file their Reply, declarations in support thereof, and Objections in redacted form, and the aforementioned exhibits under seal. The Reply, declarations, and Objections are being filed concurrently with this letter-motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We met and conferred with counsel for Dish regarding this sealing request, and Dish consented to sealing of material that is subject to the Protective Order.

Respectfully submitted,

/s/ Daniel M. Petrocelli
Daniel M. Petrocelli (admitted *pro hac vice*)
Counsel for Plaintiffs

cc:     Elyse Echtman
        Counsel for Defendant

GRANTED.

The Clerk of Court is directed to terminate the motion at Dkt. 61.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 17, 2025

2