

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

GRANTED. The Clerk of Court is
respectfully directed to terminate
the motion at Dkt. 92.

SO ORDERED.

Arun Subramanian, U.S.D.J.

Date: December 22, 2025

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

December 19, 2025

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    <u>Letter-Motion to Seal Portions of Plaintiffs' Amended Complaint and Certain
Exhibits Attached Thereto in *ESPN Enters., Inc. v. DISH Network L.L.C.*, 1:25-cv-
07169-AS</u>

Dear Judge Subramanian:

Pursuant to Rule 11 of the Court's Individual Rules and Practices in Civil Cases, we write to
respectfully request leave to file documents in redacted form and under seal in connection with
Plaintiffs' Amended Complaint.  Specifically, we seek to seal the following sensitive and
confidential business information:

- **Certain portions of the Amended Complaint and the Redline of the Amended
Complaint** that pertain to confidential terms of Plaintiffs' licensing agreements with Dish
and third parties, Plaintiffs' sensitive financial information and subscriber data, and
Plaintiffs' confidential business strategy;

- **Exhibits A, B, and C**, which are confidential agreements between Plaintiffs and DISH;
and

- **Exhibits N and O**, which are confidential correspondence between Plaintiffs' counsel
and Dish's counsel pertaining to the terms of these agreements and to Day Pass sales
data.

On September 4, 2025, this Court granted Plaintiffs' request to seal the Complaint set forth in
their September 3, 2025 Letter-Motion to Extend Provisional Sealing Order, Set Briefing
Schedule, and Schedule a Teleconference With the Court; on September 12, 2025, this Court
granted Plaintiffs' Letter-Motion to Seal Portions of Plaintiffs' Motion for a Preliminary Injunction,
Papers in Support Thereof, and Certain Exhibits Attached Thereto; and on October 17, 2025,
this Court granted Plaintiffs' Letter-Motion to Seal Portions of Plaintiffs' Reply in Support of
Motion for a Preliminary Injunction, Papers in Support Thereof, and Certain Exhibits Attached
Thereto (collectively, "Sealing Motions").  *See* Dkt. Nos. 14, 38, 78.  The Court's November 18,

**O'Melveny**

2025 Opinion and Order on Plaintiffs' preliminary injunction motion subsequently made public certain information that the parties had previously filed under seal, and we have adjusted our request accordingly. *See* Dkt. 85.

Sealing of the materials requested here is warranted for the same reasons outlined in Plaintiffs' prior Sealing Motions.

Federal courts retain the inherent power to seal documents upon a showing of good cause. *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826–27 (2d Cir. 1997). The decision whether to seal or grant access is left to the sound discretion of the trial court. *Id.* at 826 (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 599 (1978)). Notwithstanding the presumption of public access to judicial documents, the court must "balance competing considerations against" that presumption. *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo, Sr.*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

As discussed in the previously filed Sealing Motions, courts in this District regularly seal sensitive commercial agreements and other business information based on concerns that disclosure of such information may impair the party's competitive position, ongoing commercial relationships, and ability to negotiate future agreements. *See, e.g.*, *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

In granting the Sealing Motions, this Court found good cause to seal information revealing the terms of Plaintiffs' licensing agreements with DISH and third parties and correspondence between counsel discussing the terms of the OTT License. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)) (permitting information—the disclosure of which "might harm a litigant's competitive standing"—to be filed under seal); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "Plaintiffs would be competitively harmed if they were revealed"). DISH also moved to seal comparable material submitted with DISH's opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* Dkt. No. 44.

Accordingly, we respectfully request that Plaintiffs be permitted to file their Amended Complaint, the Redline of their Amended Complaint, and the aforementioned exhibits under seal. Those materials are being filed concurrently with this letter-motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We met and conferred with counsel for DISH regarding this sealing request, and DISH consented to sealing of material that is subject to the Protective Order, provided that certain previously sealed information has been made public and is no longer appropriate for sealing.



Respectfully submitted,

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli (admitted *pro hac vice*)
Counsel for Plaintiffs

cc:    Elyse Echtman
       Counsel for Defendant