**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| ESPN ENTERPRISES, INC., et al.,<br><br>    *Plaintiffs*,<br><br>  -against-<br><br>DISH NETWORK L.L.C.,<br><br>    *Defendant*. |

Case No. 1:25-cv-07169-AS-BCM

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
## DEFENDANT'S PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

Pursuant to Rule 201 of the Federal Rules of Evidence, DISH Network L.L.C. ("DISH") hereby requests that the Court take judicial notice of:

1. DISH's webpage entitled *Sling Orange*, available at https://www.sling.com/service/sling-orange. A true and correct Page Vault capture dated December 30, 2025 is attached hereto as **Exhibit 1** and was filed in this action at ECF No. 100-1; and

2. ESPN's August 21, 2025 press release entitled *ESPN Launches New Direct-to-Consumer Service, Enhanced ESPN App – ESPN Press Room U.S.*, available at https://espnpressroom.com/us/press-releases/2025/08/espn-launches-new-direct-to-consumer-service-enhanced-espn-app/. A true and correct Page Vault capture dated September 29, 2025 is attached hereto as **Exhibit 2** and was filed in this action at ECF No. 47-2.

A court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.  Courts routinely take judicial notice of publicly available information such as webpage content and news articles when the source's authenticity is not in dispute. *See, e.g.*, *Force v. Facebook, Inc.*, 934 F.3d 53, 59 n.5 (2d Cir. 2019) (publicly available terms of service subject to judicial notice); *Samuels v. NYC Women's Film Fund*, No. 23-CV-10045 (AS), 2025 WL 27687, at *2 (S.D.N.Y. Jan. 3, 2025) (Subramanian, J.) (taking judicial notice of statements on party's website); *Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (district court did not abuse its discretion in taking judicial notice of news articles and other publicly available documents). Such is the case here, where the information listed was made publicly available on the parties' own websites, the authenticity of which is not reasonably subject to dispute.  Furthermore, the Court has previously granted a similar request for judicial notice.  Dkt. 85.

For the foregoing reasons, DISH respectfully requests that the Court take judicial notice of the exhibits described above pursuant to Federal Rule of Evidence 201.

Dated: January 2, 2026
     New York, New York

**STEPTOE LLP**

DISH's unopposed request for judicial notice is GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 103.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: January 15, 2026

By:   */s/ Elyse D. Echtman*
    Elyse D. Echtman
    1114 Avenue of the Americas
    New York, NY 10036
    T: (212) 378-7551
    eechtman@steptoe.com

    Michael J. Allan
    Michelle Kallen (admitted *pro hac vice*)
    Emma Marshak (admitted *pro hac vice*)
    1330 Connecticut Ave NW
    Washington, DC 20036
    T: (202) 429-3000
    mallan@steptoe.com
    mkallen@steptoe.com
    emarshak@steptoe.com

    *Attorneys for Defendant DISH Network L.L.C.*