

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

January 30, 2026

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:     Letter-Motion to Seal Portions of Plaintiffs' Opposition to DISH's Partial Motion to Dismiss in *ESPN Enters., Inc. v. DISH Network L.L.C.*, 1:25-cv-07169-AS**

Dear Judge Subramanian:

Pursuant to Rule 11 of the Court's Individual Rules and Practices in Civil Cases, we write to respectfully request leave to file Plaintiffs' Memorandum of Law in Opposition to Defendant's Partial Motion to Dismiss the Amended Complaint ("Memorandum") in redacted form and under seal. Specifically, we seek to seal certain portions of the Memorandum that pertain to confidential terms of Plaintiffs' licensing agreements with DISH and third parties, Plaintiffs' and Defendant's sensitive financial information, and the parties' confidential business strategies.

On September 4, 2025, this Court granted Plaintiffs' request to seal the Complaint set forth in their September 3, 2025 Letter-Motion to Extend Provisional Sealing Order, Set Briefing Schedule, and Schedule a Teleconference With the Court; on September 12, 2025, this Court granted Plaintiffs' Letter-Motion to Seal Portions of Plaintiffs' Motion for a Preliminary Injunction, Papers in Support Thereof, and Certain Exhibits Attached Thereto; and on October 17, 2025, this Court granted Plaintiffs' Letter-Motion to Seal Portions of Plaintiffs' Reply in Support of Motion for a Preliminary Injunction, Papers in Support Thereof, and Certain Exhibits Attached Thereto (collectively, "Sealing Motions"). *See* Dkt. Nos. 14, 38, 78. The Court's November 18, 2025 Opinion and Order on Plaintiffs' preliminary injunction motion subsequently made public certain information that the parties had previously filed under seal, and we have adjusted our request accordingly. *See* Dkt. No. 85.

Sealing of the materials requested here is warranted for the same reasons outlined in these prior Sealing Motions and Plaintiffs' December 19, 2025 Letter-Motion to Seal Portions of the Amended Complaint and Certain Exhibits Attached Thereto, which the Court granted on December 22, 2025. *See* Dkt. Nos. 87, 96.

Federal courts retain the inherent power to seal documents upon a showing of good cause. *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826–27 (2d Cir. 1997). The decision

whether to seal or grant access is left to the sound discretion of the trial court. *Id.* at 826 (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 599 (1978)). Notwithstanding the presumption of public access to judicial documents, the court must "balance competing considerations against" that presumption. *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo, Sr.*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

As discussed in the previously filed Sealing Motions, courts in this District regularly seal sensitive commercial agreements and other business information based on concerns that disclosure of such information may impair the party's competitive position, ongoing commercial relationships, and ability to negotiate future agreements. *See, e.g.*, *Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

In granting the Sealing Motions, this Court found good cause to seal information revealing the terms of Plaintiffs' licensing agreements with DISH and third parties and correspondence between counsel discussing the terms of the OTT License. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)) (permitting information—the disclosure of which "might harm a litigant's competitive standing"—to be filed under seal); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "Plaintiffs would be competitively harmed if they were revealed"). DISH also moved to seal comparable material submitted with DISH's opposition to Plaintiffs' Motion for a Preliminary Injunction. *See* Dkt. No. 44.

Accordingly, we respectfully request that Plaintiffs be permitted to file their Memorandum under seal. That document is being filed concurrently with this letter-motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We met and conferred with counsel for DISH regarding this sealing request, and DISH consented to the request.

Respectfully submitted,

*/s/ Daniel M. Petrocelli*
Daniel M. Petrocelli (admitted *pro hac vice*)
Counsel for Plaintiffs

cc:    Elyse Echtman
       Counsel for Defendant

GRANTED. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 136.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: February 2, 2026