March 9, 2026

<u>**VIA ECF**</u>

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**Re:**   **Joint Letter-Motion Requesting Partial Stay of Discovery—** *ESPN Enters., Inc. v.*
*DISH Network L.L.C.*, **1:25-cv-07169-AS**

Dear Judge Subramanian:

We represent Plaintiffs/Disney Counterclaim Defendants ("Disney") and Fubo
Counterclaim Defendants FuboTV Inc. and FuboTV Media LLC ("Fubo") here. Pursuant to Rule
5.D of the Court's Individual Rules and Practices in Civil Cases, we respectfully request a partial
stay of discovery pursuant to F.R.C.P. 26(c) pending resolution of Disney's and Fubo's
forthcoming Partial Motion to Dismiss DISH's Counterclaims. On February 23, we requested
that DISH consent to staying antitrust discovery. DISH declined. Lead trial counsel for the
parties then met and conferred telephonically on February 26, but no resolution was reached. *See*
I.P. Rule 5.B-D.[1] At the end of the call, we informed DISH's lead trial counsel that, because the
parties had reached an impasse, Disney and Fubo would request relief from the Court.

**I.     Background**

On January 2, DISH filed antitrust (Counts 1-7) and breach-of-contract (Counts 8-12)
counterclaims. Dkt. 106. On February 20, Disney and Fubo filed a Partial Motion to Dismiss,
seeking dismissal of DISH's antitrust counterclaims and one breach-of-contract counterclaim.
Dkt. 154. DISH has now indicated that it intends to file amended counterclaims, which will moot
the pending motion to dismiss. Once DISH files its amended counterclaims, Disney and Fubo
may again move to dismiss (the "Forthcoming MTD").

To date, DISH has served on Disney three sets of Requests for Production ("RFPs") and
one set of Interrogatories. The first two sets of RFPs concern only breach-of-contract claims and
are not at issue here. RFP Nos. 47-73 in DISH's third set of RFPs to Disney, however, seek
antitrust discovery related to the counterclaims that DISH plans to amend. *See* Ex. 1.
Interrogatory Nos. 11-24 to Disney also seek antitrust-related discovery. *See* Ex. 2. DISH also
served one set of 18 RFPs and one set of 17 Interrogatories on Fubo. *See* Exs. 3-4 (together with
RFP Nos. 47-73 and Interrogatory Nos. 11-24 to Disney, the "Antitrust Discovery," excerpted
and attached hereto as Exs. 1-4). DISH has not withdrawn that discovery since indicating that it

---

[1] The February 26 call lasted 15 minutes, occurring from 5:30 to 5:45 p.m. E.T. The attorneys
who participated were: myself, Daniel M. Petrocelli (lead trial counsel for Disney), my partner
Sergei Zaslavsky, Elyse Echtman (lead trial counsel for DISH), her partner Pantelis
Michalopoulos, and Lawrence E. Buterman (lead trial counsel for Fubo).

plans to amend its pleadings. The present motion seeks a partial stay of discovery relating only to the Antitrust Discovery pending the resolution of the Forthcoming MTD.

## II.    Legal Standard

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)." *Oliver v. City of New York*, 540 F. Supp. 3d 434, 435 (S.D.N.Y. 2021). When adjudicating such a motion, a court should consider (1) "the breadth of discovery sought and the burden of responding to it," (2) "the strength of the underlying motion," and (3) any prejudice that would result from the stay. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sep. 1, 2009).

## III.    Good Cause Supports a Stay of Antitrust Discovery

The Court should grant the joint motion and stay Antitrust Discovery for three reasons.

*First*, the burden and expense of engaging in antitrust discovery would be serious. "[A]ntitrust cases generally require highly complex evidentiary showings, such as relevant markets and cross-elasticity." *Hal Leonard Pub. Corp. v. Future Generations, Inc.*, 1994 WL 163987, at *4 (S.D.N.Y. Apr. 22, 1994); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (discussing "extensive scope of discovery in antitrust cases"). As a result, courts often stay expensive and complex antitrust discovery pending resolution of a potentially dispositive motion that could obviate it or meaningfully narrow the issues. *See, e.g., Cubicle Enter. LLC v. Rubik's Brand Ltd.*, 2018 WL 11224256, at *1 (S.D.N.Y. July 19, 2018) (granting motion to stay antitrust discovery because "opening Cubicle's antitrust claim to discovery would vastly expand and complicate the range of materials otherwise subject to discovery in this action"); *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *3-4 (S.D.N.Y. Mar. 7, 1996) (same); *cf. Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1267 (11th Cir. 2019) ("A complaint merely alleging several common and obvious industry practices should not proceed directly past a motion to dismiss and into the expensive and settlement-inducing quagmire of antitrust discovery.").

Indeed, in cases involving antitrust and non-antitrust claims, as here, courts often bifurcate proceedings so as to avoid potentially unnecessary and burdensome antitrust discovery. *See, e.g., Hal Leonard*, 1994 WL 163987, at *2, 5-6 (deferring trial on antitrust counterclaims where they "raise[d] significantly different issues" than breach-of-contract claims). The request here is far more modest: Disney and Fubo ask only for a stay pending resolution of the Forthcoming MTD, rather than a wholesale bifurcation.

Staying antitrust discovery is particularly appropriate here given the sweeping scope of Dish's Antitrust Discovery. For instance, the Antitrust Discovery seeks evidence *spanning eleven years*—from January 2015 to present—about a number of topics including Disney's market wide relationships with distributors; Disney's strategies, policies, and market analyses; the creation of ESPN Unlimited, the ESPN–Fox One bundle, and Fubo Sports; the Fubo acquisition; and competition in various alleged sports-programming and video-distribution markets. *See* Exs. 1-4. These subjects are of marginal or no relevance to the non-antitrust claims. The Interrogatories DISH served on both Fubo and Disney also require them to identify every natural person—

including employees, consultants, advisors, and counsel—with any knowledge of the Fubo acquisition and general business operations. *See, e.g.*, Ex. 2 at Interrogatory Nos. 16-17, 24. The breadth and burden of antitrust discovery weighs heavily in favor of a stay, particularly where the Court has yet to determine that DISH's amended antitrust counterclaims will be viable.

Moreover, with respect to Fubo, a stay is particularly appropriate given that the only counterclaims DISH asserts against Fubo are the antitrust claims in Counts IV and V. If the Court grants the Forthcoming MTD, Fubo will not be a party to this action, and DISH's sole avenue to obtain discovery from Fubo would be a third-party subpoena under Rule 45 (which would not permit DISH to serve interrogatories on Fubo at all). *See* Fed. R. Civ. P. 33(a)(1) (interrogatories may only be served on another party). Requiring Fubo to respond to burdensome party discovery now—including interrogatories it may never have to answer—when Fubo could soon be entirely out of this case would be particularly wasteful and prejudicial.

*Second*, a stay of discovery is also appropriate where a dispositive motion "appear[s] to have substantial grounds." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Disney's and Fubo's still-pending Partial Motion to Dismiss presents numerous meritorious grounds for dismissing DISH's antitrust counterclaims. *See* Dkt. 154 at 1-2 (tying claims do not plausibly allege tying or tied product markets; DISH lacks standing to challenge the Fubo acquisition; unreasonable restraint of trade claims do not plausibly allege agreement among programmers or anticompetitive effect; and attempted monopolization claim does not plead specific intent, *inter alia*). DISH, implicitly recognizing that its claims as pled are not viable, has indicated it will amend its antitrust counterclaims. But DISH is unlikely to remedy all of the deficiencies in those claims, including its lack of standing to challenge the Fubo acquisition, its untimely challenge to a transaction announced over a year ago (Counts IV and V), and the lack of an agreement among programmers (Counts II and III). Regardless, courts have held that, where an amended pleading is forthcoming, discovery is appropriately stayed until "the issues [are] joined by complaint *and answer*." *Rogen v. Scheer*, 1991 WL 33294, at *9 (S.D.N.Y. Feb. 22, 1991) (emphasis added); *see also Sherwin K. Parikh, MD, P.C. v. Accessibe, Inc.*, 2025 WL 1637594, at *4 (S.D.N.Y. June 9, 2025) (staying discovery pending a ruling on motion to dismiss forthcoming amended complaint).

*Finally*, a stay of antitrust discovery would not prejudice DISH. Under the case management schedule—a schedule that predates DISH's filing of complex antitrust counterclaims and joinder of Fubo—fact discovery does not close until "6 months after the date that the Court has ruled on all Rule 12(b) motions to dismiss." Dkt. 89 at 2. Should DISH's amended antitrust counterclaims survive a motion to dismiss, the parties would have ample time in which to complete discovery, and Disney and Fubo have placed litigation holds on all relevant custodians, eliminating any risk of lost information. In contrast, Disney and Fubo would experience significant prejudice as a result of having to participate in antitrust discovery on claims that may not survive at all. DISH may attempt to amend its antitrust claims again in response to the Forthcoming MTD or a ruling on that MTD, further muddying the waters on the facts and evidence that are likely to be relevant to the case. The more efficient course is to stay Antitrust Discovery pending a ruling that DISH pleaded actionable antitrust claims.

For the foregoing reasons, Disney and Fubo respectfully request that the Court stay Antitrust Discovery pending resolution of the Forthcoming MTD.

3

Respectfully submitted,

/s/ Daniel M. Petrocelli
Daniel M. Petrocelli (admitted *pro hac vice*)

*Counsel for Counterclaim Defendants ESPN
Enterprises, Inc.; ESPN, Inc.; ABC Cable
Networks Group; American Broadcasting
Companies, Inc.; FX Networks, LLC;
International Family Entertainment, Inc.; NGC
Network US, LLC; SOAPnet, L.L.C.; The Walt
Disney Company; Baby Network Limited*

/s/ Lawrence E. Buterman (e-filed with consent)
Lawrence E. Buterman

*Counsel for Counterclaim Defendants FuboTV
Inc. and FuboTV Media LLC*

cc:    Elyse Echtman

*Counsel for Counterclaim Plaintiff*

GRANTED IN PART and DENIED IN PART
without prejudice. Discovery will proceed on
the non-antitrust claims. Good cause supports a
stay of discovery on the antitrust claims until
Disney and Fubo respond to DISH's amended
counterclaims. At that time, Disney and Fubo
may renew their motion for a stay of antitrust
discovery if they so choose.

The Clerk of Court is respectfully directed to
terminate the motion at Dkt. 168.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 17, 2026

4