March 27, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    **Joint Letter-Motion Requesting Continued Partial Stay of Discovery— *ESPN Enters., Inc. v. DISH Network L.L.C.*, 1:25-cv-07169-AS**

Dear Judge Subramanian:

We represent Plaintiffs/Disney Counterclaim Defendants ("Disney") and Fubo Counterclaim Defendants FuboTV Inc. and FuboTV Media LLC ("Fubo"). Pursuant to Rule 5.D of the Court's Individual Rules and Practices in Civil Cases, we respectfully request a continued partial stay of discovery pursuant to F.R.C.P. 26(c) pending resolution of Disney's and Fubo's renewed partial motion to dismiss DISH's amended counterclaims.

## I.    Background

On January 2, DISH filed antitrust and breach-of-contract counterclaims. Dkt. 106. Disney and Fubo then filed a partial motion to dismiss the counterclaims, Dkt. 154, and a motion to stay discovery pending resolution of their motion to dismiss. Dkt. 168 ("First Motion to Stay Discovery"). On March 13, DISH filed amended counterclaims, Dkt. 173 (the "Amended Counterclaims"), re-asserting the same antitrust and breach-of-contract claims.

On March 17, the Court partially granted Disney and Fubo's First Motion to Stay Discovery, staying antitrust discovery until Disney and Fubo respond to the Amended Counterclaims, and allowing Disney and Fubo to renew their motion at that time. Dkt. 180. DISH's amendments do not cure the fundamental defects in its antitrust claims, and Disney and Fubo have filed a renewed partial motion to dismiss the Amended Counterclaims ("Renewed MTD"). Dkt. 184. This letter motion seeks a continued stay of antitrust discovery through the resolution of the Renewed MTD.

As noted in the First Motion to Stay Discovery, DISH has served on Disney three sets of Requests for Production ("RFPs") and one set of Interrogatories. The first two sets of RFPs concern only breach-of-contract claims and are not at issue here. 27 RFPs in DISH's Third Set RFPs to Disney, however, seek discovery related only to DISH's antitrust claims, Dkt. 168-1. The same goes for 14 of the Interrogatories DISH served on Disney, Dkt. 168-2, and all discovery DISH served on Fubo—namely 18 RFPs and 17 Interrogatories. Dkt. 168-3; 168-4 (collectively, the "Antitrust Discovery").

## II.    Legal Standard

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Federal Rule of Civil Procedure 26(c)." *Oliver v. City of New York*, 540 F. Supp. 3d 434, 435 (S.D.N.Y. 2021). When adjudicating such a motion, a court should consider (1) "the breadth of discovery sought and the burden of responding to it," (2) "the strength of the underlying motion," and (3) any prejudice that would result from the stay. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sep. 1, 2009).

## III.    Good Cause Supports a Continued Stay of Antitrust Discovery

*First,* the Antitrust Discovery is extremely burdensome. DISH seeks broad swaths of documents from an *eleven-year period* (January 2015 to present) that largely do not overlap with discovery sought in connection with non-antitrust claims. For example, the Antitrust Discovery includes extensive requests relating to the Fubo acquisition, the ESPN-Fox One bundle, "skinny sports bundles," and competition in various alleged markets—all subjects immaterial to non-antitrust claims. And while non-antitrust discovery touches upon some aspects of Disney's contractual relationship with DISH and other distributors, the Antitrust Discovery includes extraordinarily broad requests that have nothing to do with the other claims, such as "all Documents concerning subscriber losses, subscriber churn, threatened subscriber losses, or competitive harm to any MVPD or OVD resulting from the actual, threatened, or potential loss of carriage, distribution, or access to the ESPN Network or the Other Disney Sports Networks." (RFP No. 50).

Courts routinely grant similar motions to stay antitrust discovery precisely because antitrust discovery is usually distinct from and more burdensome than discovery on non-antitrust claims. *See, e.g., Cubicle Enter. LLC v. Rubik's Brand Ltd.*, 2018 WL 11224256, at *1 (S.D.N.Y. July 19, 2018) (granting motion to stay antitrust discovery to avoid "vastly expand[ing] and complicat[ing] the range of materials otherwise subject to discovery"); *see also* First Motion to Stay Discovery (collecting cases). And here, even a partial grant of the Renewed MTD could significantly narrow the scope of discovery, for example by eliminating requests related to the Fubo acquisition or the ESPN-Fox One bundle. And in Fubo's case, dismissal of the two claims related to the Fubo merger (Counts IV and V) would remove Fubo from the case entirely, saving Fubo the burden of responding to *any* party discovery.

*Second*, even after DISH amended its counterclaims, Disney and Fubo's motion to dismiss continues to "have substantial grounds." *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). Specifically:

- DISH's tying claims (Counts I and VII) fail because DISH does not plausibly allege market power in a properly defined tying market, or make even a minimal showing of anticompetitive effects in a tied market.

- DISH's merger claims (Counts IV and V) fail because DISH does not have standing to challenge Disney's acquisition of Fubo, and fails to plausibly plead harm to competition.

2

- DISH's claims relating to formation of Fubo Sports and the ESPN-Fox One bundle (Counts II and III) fail because DISH does not plausibly allege a conspiracy among programmers or an anticompetitive effect.

- DISH's attempted monopolization claim (Count VI) fails because DISH does not plausibly plead that Disney acted with a specific intent to monopolize, or that any business practices qualify as exclusionary.

DISH says its claims will survive dismissal because Fubo's did in *fuboTV, Inc. v. Walt Disney Co.*, No. 1:24-cv-01363, Dkt No. 381 (S.D.N.Y. Jan. 14, 2024). *See* Dkt. 170. But the *fuboTV* case did not involve a challenge to the Fubo acquisition and the ESPN-Fox One and Fubo Sports bundles, or attempted monopolization claims—the bulk of DISH's antitrust claims here. And while it did involve tying claims, Fubo's allegations differed from DISH's in critical and dispositiver ways. For example, the *fuboTV* court credited Fubo's allegations that Disney had market power in the tying market for commercially critical sports channels; DISH does not allege any facts about power in that market and instead pins its hopes on (insufficient) allegations about Disney's share in a separate sports programming market. *fuboTV*, No. 1:24-cv-01363, Dkt. 381 at 150-53; Renewed MTD at 7-9. And Fubo alleged that Disney's conduct caused it to forego licensing specific other networks (to support the claim of anticompetitive effects in the tied market); DISH cannot point to a single specific network it did not license due to Disney's conduct. *fuboTV*, No. 1:24-cv-01363, Dkt. 144 ¶¶ 202, 119; Renewed MTD at 13. DISH should not expect to ride Fubo's coattails.

*Third*, a stay of antitrust discovery would not prejudice DISH. Fact discovery does not close until "6 months after the date that the Court has ruled on all Rule 12(b) motions to dismiss." Dkt. 89 at 2. (a case management schedule that predates DISH's filing of antitrust counterclaims and Fubo's joinder). Should DISH's Amended Counterclaims survive a motion to dismiss, the parties would have ample time in which to complete discovery. In contrast, Disney and Fubo would experience significant prejudice as a result of having to participate in antitrust discovery on claims that may not survive at all.

For the foregoing reasons, Disney and Fubo respectfully request that the Court continue to stay Antitrust Discovery pending resolution of the Renewed MTD.

Respectfully submitted,


/s/ Daniel M. Petrocelli
Daniel M. Petrocelli (admitted *pro hac vice*)

*Counsel for Counterclaim Defendants ESPN
Enterprises, Inc.; ESPN, Inc.; ABC Cable
Networks Group; American Broadcasting
Companies, Inc.; FX Networks, LLC;
International Family Entertainment, Inc.; NGC
Network US, LLC; SOAPnet, L.L.C.; The Walt
Disney Company; Baby Network Limited*


 /s/ Lawrence E. Buterman (e-filed with consent)
Lawrence E. Buterman

*Counsel for Counterclaim Defendants FuboTV
Inc. and FuboTV Media LLC*



cc:    Elyse Echtman

       *Counsel for Counterclaim Plaintiff*

4