

O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

March 27, 2026

**VIA ECF**

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    **Letter-Motion to Seal Portions of Counterclaim Defendants' Partial Motion to Dismiss in *ESPN Enters., Inc. v. DISH Network L.L.C.*, 1:25-cv-07169-AS**

Dear Judge Subramanian:

Pursuant to Rule 11 of the Court's Individual Rules and Practices in Civil Cases, we write to respectfully request leave to file Counterclaim Defendants' Memorandum of Law in Support of their Partial Motion to Dismiss Counterclaim Plaintiffs' Amended Counterclaims, or in the Alternative, to Strike or for a More Definite Statement ("Memorandum") in redacted form and under seal. Specifically, we seek to seal certain portions of the Memorandum that pertain to confidential terms in certain Counterclaim Defendants' licensing agreement with Counterclaim Plaintiff DISH Network L.L.C. ("DISH") and third parties.

The Court has previously granted Plaintiffs' and Counterclaim Defendants' Sealing Motions in this matter based on similar, and in some instances identical, justifications. *See* Dkts. 15, 38, 78, 96, 139, 161. It has also granted DISH's requests to seal portions of filings with the same information. *See*, e.g., Dkts. 117, 177, 178. The Court's November 18, 2025 Opinion and Order on Plaintiffs' preliminary injunction motion made public certain information that the parties had previously filed under seal, and we have adjusted our request accordingly. *See* Dkt. 85.

Federal courts retain the inherent power to seal documents upon a showing of good cause. *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826–27 (2d Cir. 1997). The decision whether to seal or grant access is left to the sound discretion of the trial court. *Id.* at 826 (citing *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 599 (1978)). Notwithstanding the presumption of public access to judicial documents, the court must "balance competing considerations against" that presumption. *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quoting *United States v. Amodeo, Sr.*, 71 F.3d 1044, 1050 (2d Cir. 1995)).

As discussed in prior motions, courts in this District regularly seal sensitive commercial agreements and other business information based on concerns that disclosure of such information may impair the party's competitive position, ongoing commercial relationships, and

**O'Melveny**

ability to negotiate further agreements.  *See, e.g., Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, 2024 WL 3965936, at *2 (S.D.N.Y. Aug. 27, 2024); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021).

In granting the Sealing Motions, this Court found good cause to seal information revealing the terms of Plaintiffs' licensing agreements with DISH and third parties.  *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017) (quoting *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009)) (permitting information—the disclosure of which "might harm a litigant's competitive standing"—to be filed under seal); *Playtex Prods., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (sealing statements about plaintiffs' "sales and revenue," noting that "Plaintiffs would be competitively harmed if they were revealed").

Accordingly, we respectfully request that Counterclaim Defendants be permitted to file their Memorandum under seal.  That document is being filed concurrently with this letter-motion in both redacted and highlighted form, pursuant to Rule 11.C.iii of the Court's Individual Rules and Practices in Civil Cases.

We met and conferred with counsel for DISH regarding this sealing request, and DISH consented to the request.

Respectfully submitted,

/s/ Daniel M. Petrocelli
Daniel M. Petrocelli (admitted *pro hac vice*)
Counsel for Counterclaim Defendants ESPN
Enterprises, Inc.; ESPN, Inc.; ABC Cable
Networks Group; American Broadcasting
Companies, Inc.; FX Networks, LLC;
International Family Entertainment, Inc.; NGC
Network US, LLC; SOAPnet, L.L.C; The Walt
Disney Company; Baby Network Limited

/s/ Lawrence E. Buterman (e-filed with consent)
Lawrence E. Buterman
Counsel for Counterclaim Defendants FuboTV
Inc. and FuboTV Media LLC

cc: All Counsel of Record

GRANTED.

The Clerk of Court is respectfully directed to terminate the motion at 183.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: March 31, 2026