Elyse D. Echtman
212 378 7551
eechtman@Steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

**Steptoe**

April 17, 2026

**VIA ECF**

The Honorable Arun Subramanian
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:    ***ESPN Enters., Inc. v. DISH Network L.L.C.*, 1:25-cv-07169-AS: Motion to Partially Stay Discovery**

Dear Judge Subramanian:

Pursuant to Rule 5.D of this Court's Individual Rules, Defendant/Counterclaim Plaintiff DISH Network L.L.C. ("DISH") respectfully requests that this Court stay discovery on Plaintiffs' Sling Pass claims, pursuant to Fed. R. Civ. P. 26(c), pending a decision on DISH's motion to dismiss Counts I and II of Plaintiffs' Amended Complaint. Dkt. 101. There is good cause for a stay. DISH is likely to prevail on its Rule 12(b)(6) motion. This Court already ruled, in the context of Plaintiffs' preliminary injunction motion, that the parties' OTT License permits Sling Passes, and Plaintiffs have not articulated a breach of the duty of good faith and fair dealing. Opinion and Order Denying Preliminary Injunction, Dkt. 85 (the "PI Opinion") at 4, 6. The entry of a stay will narrow and streamline discovery for both sides, focusing it on the claims that are not vulnerable to dismissal. There is no prejudice to Plaintiffs. This case already has a phased discovery structure in place, which was entered at Plaintiffs' request. On April 13, 2026, this Court stayed discovery on DISH's antitrust counterclaims against the Disney and Fubo parties. Dkt. 197. DISH likewise seeks a stay of discovery for the claims that it has moved to dismiss, deferring them to the second discovery phase in this litigation.

**Meet and Confer Efforts.** DISH and Plaintiffs held a fifteen-minute Lead Trial Counsel Meet and Confer on April 16, 2026, with participation by Elyse D. Echtman, Evan Glassman and Emma Marshak (for DISH) and Daniel Petrocelli, Heather Welles, Salvatore J. Cocchiaro and Emma Lux (for Plaintiffs). During this conversation, Plaintiffs declined to consent to a stay of Sling Pass discovery, criticizing it as "piecemeal." Plaintiffs would be willing to stay *all* discovery pending resolution of all motions to dismiss. In DISH's view, there is no utility in delaying discovery on the claims no party has moved against. That discovery is inevitable. The most efficient path forward is to conduct narrow, streamlined discovery now, while the remainder of discovery awaits potential dispositive rulings. DISH informed Plaintiffs that it would file this motion.

**Relevant Procedural History**.  Plaintiffs' Amended Complaint asserts three claims against DISH.  Dkt. 93.  Counts I and II (the "Sling Pass Claims") arise out of DISH's Sling Passes, sounding in breach of contract and breach of the duty of good faith and fair dealing.  Count III seeks to collect interest on alleged late license fee payments (the "Late Payment Claims").  On January 2, 2026, DISH moved to dismiss the Sling Pass Claims for failure to state a claim.  Dkt. 101.  The motion relies on the law of the case memorialized in this Court's opinion denying Plaintiffs' preliminary injunction motion.  The motion is pending before the Court.

On January 2, 2026, DISH answered the Amended Complaint and asserted antitrust and breach of contract counterclaims.  *See* Dkt. 107 (amended March 13, 2026, Dkt. 175).  The breach of contract counterclaims allege that certain Disney entities violated their contractual "Most Favored Nation" ("MFN") obligations to DISH.  *See* Am. Counterclaim Counts VIII–XII (the "MFN Claims").  The Counterclaim Defendants moved to dismiss the antitrust claims, as well as two paragraphs within the MFN Claims.  Dkt. 184.

The Counterclaim Defendants twice moved this Court for a stay of antitrust discovery pending decision on their motion to dismiss.  *See* Dkts. 168, 188.  They did not seek to stay discovery on the MFN Claims.  This Court granted discovery stays by orders dated March 17, Dkt. 180, and April 13.  Dkt. 197.

**Discovery Status**.  Discovery remains at a very early stage.  *See* Dkt. 181.  The Disney parties only recently provided written production commitments, following DISH's motion to compel Rule 34 compliance.  *See id*.  The parties (including the Fubo entities) are negotiating over the terms of ESI and privilege protocols.[1]  DISH and Disney exchanged interrogatory responses on April 10.  Disney and DISH have produced a small number of documents (under 100 per side).

**Argument**.  Under Rule 26(c), this Court has "considerable power to stay discovery" upon a showing of good cause.  *Merida Cap. Partners III LP v. Fernane*, 2025 WL 1541072, at *3 (S.D.N.Y. May 30, 2025).  This Court has recognized "good cause" for a discovery stay in connection with partial motions to dismiss in this case (*see* Dkts. 180, 197) as well as the related *WarnerMedia* action.  Order, *WarnerMedia Network Sales, Inc. et al v. DISH Network L.L.C.*, No. 1:2025-cv-07463, Dkt. 181 (S.D.N.Y. Apr. 13, 2026).  In determining whether a stay is warranted, courts consider (1) the breadth of discovery sought; (2) any prejudice that would result; and (3) the strength of the underlying motion to dismiss.  *See*, *e.g.*, *Merida Cap. Partners*, 2025 WL 1541072 at *3.  All three factors militate in favor of a stay.

*First*, the Sling Pass Claims implicate broad discovery.  Disney proposed 23 ESI custodians for its side alone for the Sling Pass, MFN and Late Payment Claims.  A stay of Sling Pass discovery should substantially pare that custodian number down to approximately 5-7 per side.  A stay would

---

[1] Disney previously complained to the Court that DISH delayed discussions on an ESI Protocol.  *See* Dkt. 182.  Disney neglected to inform the Court that DISH initiated ESI Protocol discussions in December 2025 by sending Disney's counsel a proposed protocol.  Despite prodding from DISH, Disney delayed response until February 2026.  In the meantime, DISH negotiated an ESI Protocol in the related *WarnerMedia* action.  Disney has declined to agree to the *WarnerMedia* ESI Protocol terms.  The parties have since made significant progress on an ESI Protocol with distinct ESI standards.

2

postpone discovery on DISH's Sling Pass development, marketing and performance, as well as discovery on the purported impact of Sling Passes on Disney's business model (inclusive of Disney's relationships with other distributors, advertising revenue, license fees and ability to pay for premier sports content). Plaintiffs may claim that there is no burden to DISH, because it may simply re-produce the Sling Pass documents from the now-discontinued *WarnerMedia* case, but that is inaccurate. Those documents include, *inter alia*, commercially sensitive financial and performance data, proprietary consumer research, and certain highly confidential distribution contracts with other content providers. There is no genuine need for Disney's counsel, representing DISH's competitor, to have access to any of that commercially sensitive information at this time. Moreover, Plaintiffs insisted on different ESI specifications than those agreed to in *WarnerMedia*, which will require DISH's vendor to re-process and separately bates stamp—and in certain instances will require DISH to re-review—documents previously produced in the *WarnerMedia* litigation.

*Second*, in determining whether a stay of discovery is warranted, courts consider "the strength of the pending motion forming the basis of the request for stay." *Ruilova v. 443 Lexington Ave, Inc.*, 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020). *See also Recovery Effort Inc. v. Zeichner Ellman & Krause LLP*, 2025 WL 3074140, at *1 (S.D.N.Y. Nov. 4, 2025) (stay was warranted when defendants "raise[d] a 'legitimate, non-frivolous argument'" on their pending motion to dismiss). DISH has presented strong arguments for dismissal of the Sling Pass Claims. This Court already held that Sling Passes are authorized under the OTT License (*see* PI Opinion at 6), which is law of the case.

*Third*, a discovery stay causes Disney no prejudice. Rather, for the reasons set forth above, a stay benefits both Disney and DISH. It serves the interests of judicial economy by streamlining discovery and reducing the burden on each side. Disney acknowledges that it has *only just begun* the process of collecting documents. Disney will have substantially less discovery work to do with a stay in place. Further, Disney's "piecemeal" objection should not be credited. Disney already sought, and obtained, a phased discovery construct for this case. DISH's requested stay merely postpones an additional tranche of discovery to that later phase, if necessary at all. Discovery should proceed on the Late Payment and MFN Claims. There is no good cause to delay discovery on claims that are certain to remain in the case.

**Requested relief**. Pursuant to Rule 26(c), DISH requests that the Court order a stay of discovery on Counts I and II of Disney's Amended Complaint, pending the resolution of DISH's pending partial motion to dismiss.

GRANTED IN PART and DENIED IN PART. The stay of antitrust discovery remains in place. And discovery is hereby STAYED on all claims subject to a pending motion to dismiss. That applies to Disney's Sling Pass claims (Counts I and II) and any discovery related to DISH's MFN-related counterclaim regarding Other Distributors (Count XII). To be clear, discovery related to paragraphs 322(a), (b), and (c) of DISH's counterclaims under Count XII may proceed. And discovery may proceed on all other claims that neither side has moved to dismiss. Separately, Disney's original motion to dismiss the counterclaims, Dkt. 153, is DENIED AS MOOT because Dkt. 184 supersedes it. The Clerk of Court is respectfully directed to terminate the motion at Dkts. 153 and 198.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 22, 2026

Respectfully submitted,

*/s/ Elyse D. Echtman*
Elyse D. Echtman

*Lead Trial Counsel for DISH Network L.L.C.*

cc: All counsel of record